BANK OF MONTREAL,
Plaintiff-Appellant,

v.

Thorhallur G. OLAFSSON,
Defendant-Appellee.

No. 79–1672.

United States Court of Appeals,
Sixth Circuit.

Argued April 8, 1981.

Decided May 12, 1981.

Rehearing and Rehearing En Banc
Denied July 7, 1981.

Wilfrid L. Burke, Detroit, Mich., for plaintiff-appellant.

Mark Pierce, Detroit, Mich., for defendant-appellee.

Before ENGEL and MERRITT, Circuit Judges and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

The plaintiff is a Canadian corporation, and the defendant a citizen of Iceland. The issue here is whether the trial court erred in setting aside a default judgment it had entered more than a year earlier. The ground for setting it aside was that it had no subject matter jurisdiction because the requisite diversity of citizenship was lacking.[1]

The Bank of Montreal filed suit March 2, 1978 against Thorhallur G. Olafsson to recover $34,572 due it through promissory notes and an overdraft. On May 31, 1978 the District Court granted a default judgment. The Bank then filed liens on Michigan realty held in the name of Olafsson's wife, and the property was sold to the Bank in satisfaction of its judgment. On June 7, 1979 Olafsson moved to set aside the judgment on two grounds: (1) because he was never personally served with a copy of the complaint, and (2) because he had filed for

---

1. The relevant clause of Article III limits federal jurisdiction by providing, "The judicial Power shall extend to all Cases ... between Citizens of different States ... and between a State, or the Citizens thereof, and foreign

bankruptcy in Canada on March 28, 1978,[2] and under Canada law it is illegal to pursue claims while bankruptcy proceedings are pending.

In argument on the motion, Olafsson raised the diversity question. The district court rendered its opinion from the bench, finding that the bank was a Canadian corporation and that Olafsson was not a citizen of the United States either. It stated that the Bank knew or should have known of the citizenship of Olafsson. It recognized that the Bank had taken action in reliance on the default but found the policy against granting judgments in cases in which the court has no jurisdiction to be overriding. It noted that it had never before addressed the jurisdictional question and concluded that the default judgment should be vacated under Fed.R.Civ.P. 60(b)(4) or 60(b)(6) because it was entered "in excess of the power of this court." The court set aside the default judgment and "all liens, writs of levy and execution, and sheriff's sales," and dismissed the suit.

▪ The grant of motions made under rule 60(b) is a matter of discretion for the district court, and its decision is to be set aside only if it constitutes an abuse of discretion. Wright & Miller, Federal Practice and Procedure: Civil § 2872; 7 Moore's Federal Practice ¶ 60.19. The competing values implicated in the decision are on the one hand the interest in finality of judgments and on the other the interest in maintaining federal constitutional jurisdictional limitations.

Whether rule 60(b)(4) provides grounds for setting aside the judgment as void is arguable, but the district court's action is clearly allowable under rule 60(b)(6). The Restatement of Judgments § 7, Comment c, notes that an action brought in federal court on diversity grounds is not void though in fact diversity of citizenship does not exist. The idea, as expressed by Moore, is that when a court has jurisdiction over a class of case, its judgments on issues in the

case, even if erroneous, are *res judicata*. He also notes that the "judgment of a federal court is not void, and hence is not subject to collateral attack on the ground that the rendering court lacked federal jurisdiction . . . ." 7 Moore's Federal Practice ¶ 60.25[2]. The present case, in which both parties are aliens rather than simply citizens of the same state, may present a slightly stronger case for voidness. *See Montalet v. Murray*, 8 U.S. (4 Cranch) 46, 2 L.Ed. 545 (1807). The district court also relied on rule 60(b)(6), which allows for a weighing of equities, in setting aside the judgment. *See* Wright & Miller, § 2864; 7 Moore's ¶ 60.27[2]. It discounted the Bank's reliance interest because of its finding that the Bank "knew or reasonably should have known" of Olafsson's citizenship. Olafsson's stated reason for not responding to the Bank's suit was that he had forwarded the complaint to his bankruptcy trustee with the understanding that he would take care of it.

In *Jordon v. Gilligan*, 500 F.2d 701 (6th Cir. 1974), *cert. denied*, 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975), this Court reversed the denial of a rule 60(b) motion filed eight months after an order was entered. The order granted attorneys' fees against the state of Ohio. Against arguments that the decision was *res judicata*, the Court held that it was void, because "the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court," *quoting Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). 500 F.2d at 710. The case establishes the proposition that constitutional jurisdictional limitations may justify relief from a judgment under rule 60(b).

▪ Given the lack of federal jurisdiction in the case, and considering the equities of the case under rule 60(b), we agree with the district court that the default judgment should be set aside and the case dismissed for lack of subject matter jurisdiction. The dispute between the parties over the prom-

---

States, Citizens or Subjects." U.S.Const. Art. III, § 2.

2. In that proceeding the Bank was named as a creditor.

issory notes, overdraft, and liens can be more fairly and completely adjudicated in the Canadian bankruptcy court, in the country where the loan was made, the bank is located and Olafsson's bankruptcy is pending.

Accordingly, the judgment of the district court is affirmed.