791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
16,200 SQ. FT., MORE OR LESS OF LAND, ET AL., Defendants,
JAMES W. REETZ Defendant-Appellant.
 85-1267
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 
 AFFIRMED
 W.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 Before: JONES and WELLFORD, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM:
 
 
 1
 On October 28, 1978, appellant James Reetz entered into an option agreement with the United States Department of Labor whereby the latter could purchase Reetz' Benton Harbor, Michigan, hotel property for $100,000 if the option were exercised before January 15, 1979. The agreement contained this key provision:
 
 
 2
 It is the intention of the Vendor, and he hereby agrees, that this ption may be exercised by the Government through any duly authorized representative, by delivering, mailing, or telegraphing notice thereof to the Vendor on or before January 15, 1979, at the following address: Mr. James W. Reetz, 7036 West Wisconsin, Wauwatosa, WI 53213, and the Vendor agrees to give the Government possession of the said property: at closing and settlement and/or at a mutually agreeble time.
 
 
 3
 (Emphasis added). Reetz signed the agreement and below his signature he wrote the address, 232 N. 75th St., Milwaukee, WI 53213.
 
 
 4
 On January 10, 1979,[1] the Department of Labor attempted to exercise its option by mailing a registered letter return receipt requested to Mr. Reetz at the address designated in the option agreement. The letter was returned, stamped 'Addressee Moved.' An employee for the government reached Reetz by phone, and told him that the letter had been returned. Reetz then requested written confirmation from the government. On February 1, 1979, a second letter was mailed to Reetz at the same address[2] informing him that the government had exercised its option to purchase the hotel for $100,000 on January 10, 1979. Thereafter, the Department of Labor had further conversations and correspondence with Reetz. Consequently, the government discovered that Reetz was claiming the option agreement void and that any 'purchase' of the hotel was subject to new negotiations and that he was now asking $200,000 for the hotel property which is the subject of this controversy.
 
 
 5
 On May 7, 1979, the government filed a declaration of taking of Reetz' hotel and deposited $100,000 with the district court clerk. On May 8, 1979, the district court entered an order of possession confirming title to the property in the United States.
 
 
 6
 On May 21, 1979, Reetz represented by an attorney, filed an appearance and answer to the condemnation action. In his answer, Reetz challenged the authority of the United States to condemn his property and also challenged the amount of the deposit. On June 3, 1980, Reets filed a motion to dismiss the action, contending that the Secretary of Labor lacked the authority to condemn land for the use of Job Corps. On June 10, 1980, the district court entered an order prohibiting the United States or their agents from removing the appellant's personal property from Reetz' hotel until June 16, 1980. Reetz' motion to dismiss was denied by the district court in an order entered on July 25, 1980.
 
 
 7
 On October 30, 1980, the United States filed a motion for summary judgment on the issue of just compensation. In its motion for summary judgment, the United States contended that the option agreement was valid and asked the court to enforce it and grant the $100,000 deposit. No opposition to the motion was filed by appellant and, on January 27, 1983 the district court entered judgment of $100,000 for appellant as requested by plaintiff. In its opinion, the court found the option agreement to be enforceable in this eminent domain proceeding, and that the Department of Labor had, in fact, exercised its option to purchase the property for $100,000. No appeal was taken from that order.
 
 
 8
 On February 3, 1984, more than one year after the district court's decision, appellant filed two motions.[3] The first, entitled 'motion to reconsider summary judgment', challenged the option agreement as unenforceable and sought compensation from the United States for certain personal property allegedly taken from the Vincent Hotel. The second, entitled 'motion to amend answer', sought to amend the previously filed answer to seek damages of $23,000 on his personal property claim. In its opinion of January 4, 1985, the district court denied both motions, finding that the question of just compensation had been settled by its earlier decision holding the option enforceable, and awarding just compensation of $100,000. This appeal follows.
 
 
 9
 Appellant misapprehends this appellate court's review authority over the district judge's denial of his 60(b) motions to vacate the judgment below. Since appellant failed to appeal the entry for summary judgment, we do not even reach the substantive decision of the district court on the summary judgment. A Fed. R. Civ. P. 60(b) motion cannot substitute for a timely filed notice of appeal. Furthermore, we review denial of a Rule 60(b) motion solely for abuse of discretion. See Bank of Montreal v. Olafsson, 648 F.2d 1078 (6th Cir.), cert. denied, 454 U.S. 1084 (1981); Smith v. Kincaid, 249 F.2d 243 (6th Cir. 1957); see also 7 J. Moore and J. Lucas, Moore's Federal Practice p60.30 (1985); 11 C. Wright and A. Miller, Federal Practice and Procedure Sec. 2871 (1973; Supp. 1985). No such legal basis for relief on a 60(b) motion was presented.
 
 
 10
 No abuse of discretion occurred in this case. The 'amended answer' seeking to file a cross claim for loss of personal property was filed with the court in 1984, five years after the initial complaint ws filed by the government in 1979. The 60(b) motion was filed well over a year after the court entered judgment on the government's summary judgment motion on grounds for which Rule 60(b) requires filing within one year of entry of judgment. The district judge followed the plain mandate of Rule 60(b). There is no merit in this appeal.
 
 
 11
 Accordingly, we AFFIRM and assess double costs against Reetz for pursuing a meritless appeal.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 An affidavit by a Department of Labor employee avers that a letter was sent to the address in the option agreement on that date. Reetz concedes that point in his brief
 Reetz' position is that sometime in December 1978 he received a message on his answering machine that the government was not interested in the hotel. The tape containing that message was allegedly played before two witnesses (whose affidavits were not made part of the joint appendix). The tape itself was allegedly stolen during the vandalism at Reetz' hotel.
 
 
 [2]
 Reetz claims that the cover memo on this second letter was misaddressed. The postal form shows that the government mailed this letter to the correct address
 
 
 [3]
 Reetz blames this delay on 'missed communications with his attorney.'