791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES C. THREET, Plaintiff-Appellant,
v.
RICHARD L. GERMOND, MIKE SAWDER, and RUTH LOZENSKI,
Defendants-Appellees.
 84-1627
 United States Court of Appeals, Sixth Circuit.
 4/9/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; WEICK, Senior Circuit Judge.
 
 
 1
 Plaintiff is appealing from a judgment dismissing his civil rights complaint and from an order denying his motion for rehearing. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that plaintiff is an inmate at the State Prison of Southern Michigan (SPSM). Between February and September of 1980, he was incarcerated at the Lenawee County Jail. On September 8, 1980, he was transferred to SPSM. In his complaint, plaintiff alleges that subsequent to the transfer, letters were mailed to plaintiff and addressed to plaintiff's former address at the Lenawee County Jail. Plaintiff alleges that defendants accepted the letters, made copies of them, and conveyed them to plaintiff's wife, in violation of the First Amendment. Because the letters were written by women other than plaintiff's wife, plaintiff also charges defendants with having alienated his wife's affection and causing her to divorce him. The complaint seeks $50,000 in compensatory damages and $100,000 in punitive damages.
 
 
 3
 In an order filed May 29, 1984, the district court granted summary judgment for defendants and dismissed the action. The court held first that the infringement of plaintiff's First Amendment rights was justified because plaintiff posed a risk of escaping. The court held secondly that no constitutional provision was violated by sending the subject letters to plaintiff's wife because under Parratt v. Taylor, 451 U.S. 527 (1981), plaintiff did not enjoy a proprietary interest in the letters protected by the procedural due process clause.
 
 
 4
 Plaintiff served a motion for rehearing on June 18, 1984, alleging first that the seizure of his mail was protected by the Fourth Amendment; secondly, that defendants' interest in maintaining security did not outweigh plaintiff's First Amendment rights; and, thirdly, that the court did not adequately address plaintiff's alienation of affection claim.
 
 
 5
 In an order filed July 30, 1984, the district court denied plaintiff's motion for rehearing. A notice of appeal was filed on August 24, 1984.
 
 
 6
 Under Rule 4(a)(1), Federal Rules of Appellate Procedure, plaintiff's notice of appeal should have been filed within 30 days of the district court's May 29, 1984 judgment. Plaintiff's notice of appeal was not filed until August 24, 1984--56 days beyond the 30-day time period. Compliance with the time prescription of Rule 4(a)(11) is 'mandatory and jurisdictional.' Browder v. Department of Corrections of Illinois, 434 U.S. 257, 264 (1978). Accordingly, unless the appeals period was tolled, this Court is without jurisdiction to consider an appeal from the May 29, 1984 judgment.
 
 
 7
 Under Rule 4(a)(4), Fed.R.App.P., a motion to alter or amend judgment under Rule 59(e), Federal Rules of Civil Procedure, is one of the motions which will toll the time for appeal. However, to toll the period, the Rule 59(e) motion must be timely, i.e., served not later than 10 days after entry of the judgment. In the instant case, judgment was entered on May 29, 1984, and plaintiff's motion for rehearing was served on June 18, 1984. Obviously, the motion was untimely and therefore could not toll the running of the time to appeal. Browder v. Department of Corrections of Illinois, supra, 434 U.S. at 266.
 
 
 8
 Nevertheless, there remains an appeal, albeit somewhat limited, which is properly before this Court. Specifically, plaintiff's motion for rehearing could be construed as a motion for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure. Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir. 1983). Such a motion, however, does not toll the time for appeal from, or affect the finality of, the original judgment. Browder, supra, 434 U.S. at 264, n.7. Hence, even as construed as a Rule 60(b) motion, plaintiff's motion for rehearing in no way enables this Court to exercise jurisdiction over an appeal from the May 29, 1984 judgment. Peake, supra.
 
 
 9
 The ruling on the Rule 60(b) motion, however, was appealable in and of itself and plaintiff's notice of appeal from that ruling was timely. Peake, supra. Within the limited parameters of this Court's remaining jurisdiction, it may review the ruling only for abuse of discretion and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review. See Bank of Montreal v. Olafsson, 648 F.2d 1078 (6th Cir.), cert. denied, 454 U.S. 1084 (1981); United States v. Work Wear Corp., 602 F.2d 110 (6th Cir. 1979).
 
 
 10
 It appears from the present record that the district court did not abuse its discretion in rejecting the issues raised in plaintiff's motion for rehearing. In the instant case of Hudson v. Palmer, ---- U.S. ----, 104 S.Ct. 3194, 82 L.Ed. 2d 393 (1984), the Supreme Court held that a prisoner is not entitled to the protection of the Fourth Amendment against unreasonable searches and seizures. Thus, the first issue presented in plaintiff's motion for rehearing is without merit.
 
 
 11
 The second issue is whether the defendants' interest in maintaining prison security outweighs the plaintiff's First Amendment rights. The present record contains ample evidence that plaintiff posed a threat of escaping and therefore defendants were justified in opening his mail.
 
 
 12
 Plaintiff's final argument is that the district court did not adequately address his alienation of affection claim. The district court correctly characterized this issue as a pendent state law question and dismissed the claim without prejudice. There is no indication in the record that the court abused its discretion in so ruling. See Ritchie v. United States, 410 F.2d 827 (6th Cir. 1969).
 
 
 13
 It appears from the foregoing that plaintiff's appeal is frivolous and entirely without merit. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 14
 Therefore, it is ORDERED that the district court's order of July 30, 1984, be and it hereby is affirmed.