848 F.2d 191
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory IVEY, Plaintiff-Appellant,
v.
LEXINGTON FAYETTE URBAN COUNTY GOVERNMENT; Harold J.
Buchignani, Individually and In His Official Capacity; Ray
J. Sabbatine, Individually and In His Official Capacity;
Captain R.M. Doggendorf, Individually and In His Official
Capacity; and Lexington Fayette Urban County Government
Detention Center Corporation, Defendants-Appellees.
 No. 87-5919.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1988.
 
 1
 Before KEITH and RYAN, Circuit Judges, and BENJAMIN F. GIBSON, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se plaintiff appeals the district court's judgment denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(6).
 
 
 4
 Plaintiff sued the defendants alleging violations of his constitutional rights while incarcerated in defendant's jail. During the course of the proceeding, the district court instructed the parties to file dispositive motions within a specified period of time. Plaintiff's counsel missed the filing date by three days. The court granted the defendants' motion and dismissed the complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Instead of appealing that ruling, plaintiff filed a motion to reconsider which was ultimately denied. Nearly a year thereafter, plaintiff filed his Rule 60(b)(6) motion. Upon review, we conclude the district court properly denied the motion.
 
 
 5
 Our standard of review of a Rule 60(b) motion is whether the district court abused its discretion. See Bank of Montreal v. Olaffson, 648 F.2d 1078 (6th Cir.) (per curiam), cert. denied, 454 U.S. 1084 (1981); Marshall v. Monroe & Sons, Inc., 615 F.2d 1156 (6th Cir.1980). In this case, the district court did not abuse its discretion in denying the motion.
 
 
 6
 Having failed to file his Rule 60(b) motion within thirty days after his motion to reconsider was denied, plaintiff can not now rely on legal grounds to support his request for Rule 60(b) relief. Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir.1983); Steinhoff v. Harris, 698 F.2d 270, 275-76 (6th Cir.1983). Furthermore, plaintiff's failure to file a timely Rule 60(b) motion can not be excused by his belated notice of the denial of his motion to reconsider. The appeal time started to run upon entry of the order denying plaintiff's motion to reconsider regardless of plaintiff's lack of actual notice of its entry. Fed.R.App.P. 4(a)(4); United States v. Willis, 804 F.2d 961, 963 n. 2 (6th Cir.1986).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation