872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Louis Anthony WILBON, Plaintiff-Appellant,
v.
Robert BROWN, Jr., William Grant; Dale Foltz, Defendants-Appellees.
 No. 88-1996.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Louis Anthony Wilbon, a pro se Michigan prisoner, appeals the district court's denial of his motion to reinstate his amended civil rights complaint which was filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wilbon escaped from a Michigan parole camp; he was subsequently arrested in California and ultimately extradited to Michigan. Seeking monetary relief, he filed a complaint alleging that Michigan prison authorities were responsible for numerous delays in his extradition; his conditions of confinement during his transportation from California to Michigan were unconstitutional; and, he was wrongfully classified to the North Complex of the Michigan prison due to the pending escape charge. The district court dismissed the complaint. On appeal, this court affirmed in part and reversed in part, remanding the case to the district court with instructions that the court give plaintiff the opportunity to amend the complaint to name the proper defendants. Upon remand, Wilbon amended his complaint and added twenty new defendants. The district court ultimately dismissed the suit as to all the defendants, the majority of them being dismissed for lack of personal jurisdiction because plaintiff failed to effect service of process within 120 days as required by Fed.R.Civ.P. 4. Wilbon did not appeal that ruling; instead, he filed a motion nearly seven months after the district court's final dismissal, requesting the court to allow him some form of substituted service for his amended complaint.
 
 
 3
 We construe Wilbon's motion to reinstate as a motion for relief from judgment under Fed.R.Civ.P. 60(b) because it was not filed within the time period prescribed for a motion to alter or amend judgment under Fed.R.Civ.P. 59(e).
 
 
 4
 Upon review, we conclude the district court did not abuse its discretion in denying the motion as the facts of this case were not so exceptional as to warrant Rule 60(b) relief. See Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983); Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir.1983); Bank of Montreal v. Olaffson, 648 F.2d 1078, 1079 (6th Cir.) (per curiam), cert. denied, 454 U.S. 1084 (1981). A review of the motion reveals that Wilbon essentially sought to relitigate the dismissal of certain of the defendants for lack of personal jurisdiction. If plaintiff was dissatisfied with the court's ruling, he should have filed an appeal therefrom. He did not. Consequently, Wilbon is precluded from contesting the original dismissal as a Rule 60(b) motion may not substitute for an appeal. See Pierce v. United Mine Workers of Am. Welfare & Retirement Fund, 770 F.2d 449, 452 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). Nor does an appeal from the denial of a rule 60(b) motion bring up for review the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Windsor v. Department of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.