880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KERSH, Plaintiff-Appellant,
v.
WEBB GRAPHICS, INC.; Wanzie Collins; Ron Williams;
Hartford Binary, Inc.; Peck Bindary, Inc.;
Norman Andrews; Flint Ink Corporation;
H.B. Fuller Corporation,
Defendants-Appellees.
 No. 88-2053.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 David Kersh, a pro se Michigan resident, appeals the district court's denial of his motion to set aside the dismissal of his civil complaint filed pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1964(c). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1984, Kersh sued these eight defendants for breach of contract. Finding that it lacked personal jurisdiction over the defendants, the district court dismissed the complaint; this court affirmed the dismissal. See Kersh v. Paperfold Binderies, No. 88-1005 (6th Cir. Dec. 9, 1988). In 1987, Kersh filed a complaint attempting to assert civil RICO claims against the defendants based upon the same commercial transaction as that on which the 1984 complaint was based. The district court, in separate orders, dismissed the complaint primarily on the basis of res judicata, finding that Kersh was barred from relitigating the action because he had not cured the jurisdictional defects that were present in the 1984 complaint. The court also imposed sanctions pursuant to Fed.R.Civ.P. 11. Thereafter, Kersh moved to set aside the dismissals, citing Rule 60, Fed.R.Civ.P., and arguing that the district court never acquired jurisdiction over the case because there was neither a federal question nor diversity of citizenship. The district court denied the motion, finding that relief from judgment was not warranted under the circumstances of this case.
 
 
 3
 Upon review, we conclude the district court did not abuse its discretion in denying the motion. See Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983); Bank of Montreal v. Olaffson, 648 F.2d 1078, 1079 (6th Cir.) (per curiam), cert. denied, 454 U.S. 1084 (1981). A review of the motion reveals that Kersh essentially sought to relitigate the district court's rulings regarding the issue of personal jurisdiction. If plaintiff was dissatisfied with the court's rulings, he should have filed an appeal therefrom. He did not. Consequently, Kersh is precluded from contesting the original dismissals. A Rule 60 motion can not substitute for an appeal. See Pierce v. United Mine Workers of Am. Welfare & Retirement Fund, 770 F.2d 449, 452 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). Nor does an appeal from the denial of a Rule 60 motion bring up for review the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Windsor v. Department of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.