899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Courtney I. SAUNDERS, Plaintiff Counter Defendant-Appellant,
v.
Leslie J. SLADE, Defendant Counter Plaintiff-Appellee,
Doris J. Slade, Defendant.
 No. 89-1499.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1990.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 ORDER
 Courtney I. Saunders, a pro se Illinois prisoner, appeals the district court's denial of his motion for relief from the court's dismissal of his diversity complaint filed pursuant to 28 U.S.C. Sec. 1331. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 On October 11, 1985, Saunders (formerly a New York resident) filed this replevin action in the District Court for the Southern District of New York against the defendant Michigan residents alleging that they wrongfully detained his personal property. He sought monetary relief. Defendants filed a counterclaim for $2000 to cover the costs of storing Saunder's belongings.
 The case was ultimately transferred to the District Court for the Western District of Michigan. On January 4, 1988, the district court entered default judgment against Saunders and dismissed the action with prejudice as a sanction for Saunder's failure to attend a status conference and prepare a joint status report as required by Fed.R.Civ.P. 16. The court also awarded defendants $2000 on their counterclaim. On February 14, 1989, Saunders filed the instant motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1)(3) and (6) arguing that the dismissal should be set aside because he did not receive notice of the status conference because the court had been sending its correspondence to the wrong address. The district court denied the motion finding that it was not filed within a reasonable time after entry of the judgment, and that any resultant injustice was attributable to Saunder's own inexcusable neglect.
 
 
 1
 Upon review, we conclude the district court did not abuse its discretion in denying the motion. See Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983); Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.) (per curiam), cert. denied, 454 U.S. 1084 (1981). In support of his motion, Saunders argued that the original dismissal was improper because he did not receive copies of any papers filed with the court after July 29, 1986, including the notice of the status conference.
 
 
 2
 Saunders would not be entitled to relief under Rule 60(b)(1) because his motion was not filed within thirty days after entry of judgment. See Barrier v. Beaver, 712 F.2d 231, 234 (6th Cir.1983) (a motion based upon legal error under Rule 60(b)(1) must be brought within the time period allowed for appeal under Fed.R.App.P. 4(a)). Nor would Saunders be entitled to relief under Rule 60(b)(3) or (6) because Saunders failed to show that defendants perpetrated a fraud upon the court, or that this case presented exceptional circumstances. In fact, Saunders did not keep the court informed of his current address, nor did he advise the court that during the time period in question he went by three different aliases. Under the circumstances, it is not surprising that Saunders encountered difficulties in receiving his mail. We conclude that Saunders failed to sustain his burden of bringing himself within the provisions of Rule 60(b). See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 3
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.