900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby Joe RAINES, and all others similarly situated,
Plaintiff-Appellant,
James Braggs, Plaintiff,
v.
Lawrence LACK, Warden, Turney Center; Michael Dutton,
Warden, Defendants-Appellees.
 No. 89-6012.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Bobby Joe Raines, a pro se Tennessee prisoner, appeals the district court's denial of his motion to alter or amend its disposition of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Raines sued the defendants Lack (warden of the Turney Center prison) and Dutton (warden of the Tennessee State Penitentiary). Raines alleged that his fourteenth amendment due process rights were violated when he was placed in involuntary administrative segregation for his alleged involvement in the instigation of a prison riot at the Turney Center in July 1985. Both parties filed cross motions for summary judgment. On April 20, 1989, the district court granted summary judgment as to defendant Dutton finding that Raines was afforded all the process due him regarding the administrative proceedings at the Tennessee State Penitentiary. The court also granted summary judgment in part to defendant Lack finding that although Lack had violated Raines's due process rights by not providing him with a statement of the reasons for the adverse action taken, Lack was nonetheless entitled to qualified immunity on plaintiff's claim for money damages. The court however granted Raines an injunction against Lack directing Lack to comply with the requirements of due process. The court also awarded Raines's counsel $2500 in attorney fees.
 
 
 3
 Later, defendants' appeal was voluntarily dismissed pursuant to Fed.R.App.P. 42. Raines v. Lack, No. 89-5695 (6th Cir. July 25, 1989). Raines did not appeal the district court's judgment, but later, proceeding pro se, filed a motion to alter or amend the judgment, which the district court summarily denied.
 
 
 4
 We construe Raines's motion to alter or amend as a motion for relief from judgment under Fed.R.Civ.P. 60(b) because the motion was not filed within the time period prescribed for a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e).
 
 
 5
 Upon review, we conclude the district court did not abuse its discretion in denying the motion because Raines was not entitled to Rule 60(b) relief. See Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983); Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.) (per curiam), cert. denied, 454 U.S. 1084 (1981). A review of the motion reveals that Raines essentially sought to relitigate the district court's ruling on the issue of whether Raines was entitled to money damages from defendant Lack. If Raines was dissatisfied with the court's ruling, he should have filed an appeal therefrom. He did not. Consequently, Raines is precluded from contesting the original dismissal as a Rule 60(b) motion may not substitute for an appeal. See Pierce v. United Mine Workers of Am. Welfare and Retirement Fund, 770 F.2d 449, 452 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). Nor does an appeal from the denial of a Rule 60(b) motion bring up for review the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.