928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David KERSH, Plaintiff-Appellant,
v.
AMERICAN HEART OF MICHIGAN, INC., Liberty State Bank &
Trust, Fred Hoops, Hoops & Hoops, P.C., Dennis
Heide, Jointly and Severally,
Defendants-Appellees.
 No. 89-1351.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 E.D.Mich., No. 86-72055; Zahkoff, J.
 E.D.Mich.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 David Kersh, a pro se Michigan resident, appeals the district court's denial of his motion to set aside the dismissal of his civil complaint filed under diversity jurisdiction and dismissed in the district court in January 1987. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1982, Liberty State Bank filed suit in state court against Kersh and his corporation, Metro Passbook, when he defaulted on a loan. Kersh removed the action to federal court based upon diversity jurisdiction. Ultimately, in 1984, the district court entered judgment for Liberty Bank in the amount of the outstanding balance on the loan and for attorney fees.
 
 
 3
 Thereafter, Kersh filed suit in state court alleging: 1) tortious conduct by American Heart; 2) malpractice by Hoops; and 3) theft and malicious destruction of property by Heide. Kersh contested the underlying 1984 judgment basically alleging that Liberty Bank had improperly seized the assets of Metro. Because of the 1984 judgment, Heide (a state court bailiff) evicted Metro from an office space that American Heart owned. Defendant Hoops was the law firm that represented Kersh in the eviction proceeding. On January 8, 1987, the district court dismissed the complaint, finding that it was barred by res judicata because the matters Kersh sought to litigate, i.e., the validity of Liberty Bank's underlying judgment, had previously been litigated on the merits in another suit. The court later denied Kersh's timely motion to reconsider. This court dismissed Kersh's appeal for lack of jurisdiction because the notice of appeal was filed three days late. Kersh v. American Heart, Case No. 87-1884 (6th Cir. April 6, 1988). Several months later, Kersh filed the instant motion to set aside the court's 1984 judgment alleging that removal was improper because the court never acquired jurisdiction over the action because diversity did not exist between him and the defendants. Kersh requested that the judgment be set aside and remanded to the state court. The district court denied the motion, finding that diversity of citizenship existed at the time the complaint was filed and at the time the case was removed.
 
 
 4
 On appeal, Kersh reasserts his claim. Defendants Liberty Bank, American Heart, and Hoops have filed motions to dismiss; and American Heart also moves for Fed.R.Civ.P. 11 sanctions in the amount of $1000. Liberty Bank and American Heart have filed briefs.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Kersh's motion, which we construe to be filed under Fed.R.Civ.P. 60(b). See Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983); Bank of Montreal v. Olafson, 648 F.2d 1078, 1079 (6th Cir.) (per curiam), cert. denied, 454 U.S. 1084 (1981). A review of the motion reveals that Kersh essentially sought to relitigate the validity of Liberty's 1984 judgment against him on the defaulted loan. If Kersh was dissatisfied with the judgment, he should have filed a timely appeal. He did not. Consequently, Kersh is precluded from contesting the 1984 judgment because a Fed.R.Civ.P. 60(b) motion cannot serve as a substitute for an appeal. Nor does it bring up for review the underlying judgment. See Pierce v. United Mine Workers of Am. Welfare and Retirement Fund, 770 F.2d 449, 452 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986); Windsor v. Department of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam).
 
 
 6
 Finally, we conclude that double costs and attorney fees should be imposed against Kersh under Fed.R.App.P. 38 because this appeal is frivolous and was pursued merely for purposes of harassment. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987), cert. denied, 484 U.S. 1067 (1988); Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985).
 
 
 7
 Accordingly, the motions to dismiss and the motion for Rule 11 sanctions are denied, and the district court's judgment is hereby AFFIRMED pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Double costs and attorney fees are hereby awarded to the defendants pursuant to Fed.R.App.P. 38. An itemized and verified bill for costs and attorney fees may be filed with the clerk of this court, with proof of service, within fourteen days after entry of this order.