933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George A. LAGUTA, Gordon R. Schilling, Plaintiffs,
Michael Kevin Bailey, Plaintiff-Appellant,
v.
George D. ALEXANDER, Rodney L. Fransis, Dave Evens, Russ
Olsen, Ohio Department of
Rehabilitation/Correction, London
Correctional, Defendants-Appellees.
 No. 91-3145.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Kevin Bailey, a pro se Ohio prisoner, appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion to reactivate his civil action filed pursuant to the citizen enforcement provisions of the Clean Air Act, 42 U.S.C. Sec. 7604, and the Solid Waste Disposal Act, 42 U.S.C. Sec. 6972. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and declaratory relief, LaGuta and other inmates at the London (Ohio) Correctional Institution (LOCI) sued various LOCI officials as well as the Ohio Department of Rehabilitation and Corrections regarding the operation of the Powerhouse and the Sewage Treatment Plant at LOCI. Specifically, it was alleged that the operation of the Powerhouse resulted in the improper emission of high sulfur coal, and that the operation of the Sewage Treatment Plant resulted in the improper disposal of hazardous waste.
 
 
 3
 The district court granted the defendants' motion and dismissed the complaint, finding that plaintiffs had failed to comply with the sixty-day notice provisions set forth in the relevant statutes. The court's dismissal was without prejudice to plaintiffs' right to reinstitute the action once they complied with the notice requirements. This court affirmed the dismissal. LaGuta v. Alexander, No. 90-3889 (6th Cir. March 20, 1991). During the pendency of the appeal, plaintiff Bailey filed a motion to reactivate the case arguing that the sixty-day statutory notice had been given. The district court construed the motion as one for relief from judgment under Fed.R.Civ.P. 60(b). The court denied the motion, finding that Rule 60(b) relief was not warranted because the proper course was for plaintiffs to file a new complaint asserting that they had complied with the statutory notice requirements.
 
 
 4
 On appeal, Bailey basically reasserts the merits of the underlying suit, and he has filed a motion to bar Assistant Attorney General Studer from representing the defendants any further.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Bailey's motion, which we also construe to be filed under Fed.R.Civ.P. 60(b). See Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983); Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.) (per curiam), cert. denied, 454 U.S. 1084 (1981). In his motion, Bailey argued that the action should be reactivated because the plaintiffs have complied with the sixty-day statutory notice provision. We conclude that this case did not warrant the exceptional relief afforded under Rule 60(b). The district court properly dismissed the case without prejudice to plaintiffs' right to refile the action once they complied with the statutory notice. Therefore, Bailey's motion was properly denied because the court had not committed any error, nor were the circumstances of the dismissal manifestly unjust to the plaintiffs.
 
 
 6
 Accordingly, we deny Bailey's motion and affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.