976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth W. JAMISON, Plaintiff-Appellant.
v.
ASHTABULA COUNTY JOINT VOCATIONAL SCHOOL, et al.,
Defendants-Appellees.
 Nos. 91-3370, 91-3721.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1992.
 
 Before KEITH and SILER, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Kenneth W. Jamison, appeals the district court's summary judgment in favor of Defendant, Ashtabula County Joint Vocational School ("ACJVS"), on Jamison's claims under 42 U.S.C. §§ 1983 and 1985 and dismissing the state law claims without prejudice, and denying his motion for relief from judgment. This court reviews the district court's grant of summary judgment de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). For the reasons set forth in the district court opinion and herein, the district court will be AFFIRMED.
 
 
 2
 Jamison's federal claims arise from his homosexuality and allege due process, equal protection, privileges and immunities, privacy and association violations under 42 U.S.C. §§ 1983 and 1985. Jamison's state law claims allege tortious interference of contract, intentional infliction of emotional distress, and defamation.
 
 
 3
 Beginning in August, 1977, Jamison was employed as an Adult Education Coordinator, until he was allegedly constructively discharged by ACJVS and its superintendent, Donald Halsey, on May 1, 1987. Jamison's duties included preparing enrollment records which were forwarded to the State Department of Education and used to determine ACJVS's eligibility for state funding.
 
 
 4
 Jamison alleges that he was instructed to play "number games" with these records to maximize state funding, i.e., adjusting the numbers of students shown to be enrolled in particular courses while maintaining a correct total enrollment figure. When Halsey noticed irregularities in the adult education funding from the State Department of Education, he directed Jamison to gather data documenting the school's eligibility for these funds. Jamison claimed it was impossible for him to do this, because the records did not exist, so he submitted his letter of resignation to the ACJVS Board ("Board") president on February 26, 1987, effective on May 1, 1987. The Board accepted Jamison's resignation at its March 16, 1987, meeting, even though John Marshall, the ACJVS Board president and Perry Nye, a Board member, told Jamison he should not resign over the state funding issue.
 
 
 5
 Jamison's constructive discharge claim is without merit, because he voluntarily resigned. As constructive discharge is, at least partially, a question of law, it must be reviewed by this court de novo. Yates v. Avco Corp., 819 F.2d 630, 636 (6th Cir.1987). To prove he was constructively discharged, Jamison would have to show that a "reasonable employer would have foreseen that a reasonable employee ... would feel constructively discharged." Wheeler v. Southland Corp., 875 F.2d 1246, 1249 (6th Cir.1989). This determination "requires an inquiry into both the objective feelings of an employee, and the intent of the employer." Yates at 636. An employee is constructively discharged if "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." Id at 636-37.
 
 
 6
 Jamison was not constructively discharged from his ACJVS position for three reasons. First, he has offered no evidence of intentional discrimination by Halsey, other than statements apparently made by Halsey after Jamison offered his resignation to the Board. Second, Jamison admitted he was not forced to resign because of his homosexuality. In addition, Jamison admitted his co-workers' knowledge of his sexual preference did not create a difficult atmosphere in which to work. Third, it is not reasonably foreseeable that Halsey's conduct, directing Jamison to perform his job by gathering information to document the enrollment figures, would make Jamison feel constructively discharged. To the contrary, as the district court found, this was an opportunity for Jamison to vindicate himself.
 
 
 7
 Jamison's procedural due process claim is without merit, because there is no evidence in the record or provided during oral argument to show he requested or was denied any type of hearing. See Matthews v. Eldridge, 424 U.S. 319, 333 (1976).
 
 
 8
 The district court properly declined to exercise pendent jurisdiction over the state law claims and dismissed them, without prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966).
 
 
 9
 The district court did not abuse its discretion in denying Jamison's motion for relief from judgment for two reasons. See Bank of Montreal v. Olafsson, 648 F.2d 1078 (1981). First, the motion's basis, an affidavit of a former Adult Vocational Supervisor for the State of Ohio from 1971 through 1984, does not bear upon the outcome of the action. The affiant, due to his prior retirement, did not have personal knowledge of Jamison's relationship with ACJVS at the time of the alleged discrimination in 1987. Further, the affidavit did not provide any relevant information concerning sexual preference discrimination by ACJVS against Jamison. Second, with due diligence, this new evidence could have been discovered earlier.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation