**David A. KERSH, Plaintiff–Appellant,**

v.

**AMERICAN HEART OF MICHIGAN, INC.; Fred Hoops; Liberty State Bank and Trust; and Hoops & Hoops, P.C., Defendants–Appellees.**

No. 02–1865.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2003.

David A. Kersh, Honolulu, HI, pro se.

Frederick K. Hoops, Farmington Hills, MI, pro se.

Paul A. Nida, Troy, MI, Michelle Motowski Lund and Robert S. Hertzberg, Pepper & Hamilton, Detroit, MI, Defendants-Appellees.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

### ORDER

David A. Kersh, a pro se plaintiff and a frequent litigant, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P.34(a).

In 1982, Liberty State Bank filed suit in state court against Kersh and his corporation, Metro Passbook (Metro), when he defaulted on a loan. Kersh removed the action to federal court based upon diversity jurisdiction. In 1984, the district court entered judgment for Liberty Bank in the amount of the outstanding balance on the loan and for attorney fees.

Thereafter, Kersh filed suit in state court alleging: 1) tortious conduct by defendants Liberty Bank and American Heart; 2) malpractice by defendant Hoops; and 3) theft and malicious destruction of property by defendant Heide. Kersh alleged that, in reliance on the 1984 judgment, defendant Liberty Bank improperly seized the assets of Metro, and Heide (a state court bailiff) evicted Metro from office space owned by American Heart. Hoops was the law firm that represented Kersh in the eviction proceedings. The defendants removed the action to federal court based upon diversity jurisdiction. In 1987, the district court dismissed the complaint, finding that it was barred by the doctrine of res judicata because Kersh was attempting to re-litigate the validity of the underlying judgment for Liberty Bank. This court dismissed Kersh's appeal for lack of jurisdiction because the notice of appeal was untimely. *Kersh v. Am. Heart of Mich., Inc.*, No. 87–1884, 1988 WL 30060 (6th Cir. Apr. 6, 1988).

Several months later, Kersh filed a motion to set aside the district court's judgment under Rule 60(b), alleging that the removal to federal court was improper because diversity of citizenship never existed between him and the defendants and, therefore, the court never acquired jurisdiction over the action. The district court denied the motion, finding that diversity of citizenship existed at the time the complaint was filed and at the time the case was removed. On appeal, this court concluded that Kersh's Rule 60(b) motion was an improper attempt to extend the time to file an appeal; therefore, this court affirmed the district court's judgment and sanctioned Kersh for filing a frivolous appeal. *Kersh v. Am. Heart of Mich., Inc.*, No. 89–1351, 1991 WL 39681 (6th Cir. Mar. 21, 1991) (unpublished order).

Ten years later, in March 2001, Kersh renewed his litigation efforts in this case by filing another Rule 60(b) motion to set aside the judgment. The district court denied the motion as clearly meritless and untimely. The court subsequently denied Kersh's motion for reconsideration. In this timely appeal, Kersh has requested a change in venue and initial en banc consideration. Additionally, the appellees have moved to dismiss the appeal for lack of jurisdiction.

■ Initially, we deny the appellees' motions to dismiss. This court has consistently held that the denial of a Rule 60(b) motion is a final judgment, and this court has jurisdiction over an appeal from such a judgment. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 417 (6th Cir.1998); *Amernational Indus., Inc. v. Action–Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir.1991); *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1020 (6th Cir. 1983). We also deny Kersh's requests for initial en banc consideration and a change of venue for this appeal.

Upon review, we conclude that the district court properly denied Kersh's Rule 60(b) motion. This court reviews a district court's denial of a motion under Fed. R.Civ.P. 60(b) for an abuse of discretion. *Futernick v. Sumpter Township*, 207 F.3d 305, 313 (6th Cir.2000). Rule 60(b) provides that relief may be granted from a judgment for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged; or 6) any other reason justifying relief. In reviewing the district court's denial of a Rule 60(b) motion, this court will not consider the merits of the underlying judgment. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381,

385 (6th Cir.2001). As such, a Rule 60(b) motion does not allow a defeated litigant a second chance to convince the court to rule in his favor by presenting new explanations or legal theories. *Id.* The district court did not abuse its discretion in denying Kersh's motion because he has not shown that he is entitled to relief under Rule 60(b).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

■ Lastly, this court orders Kersh to show cause why an order enjoining any further filings regarding this matter should not be entered. Kersh has kept this litigation continuing for nearly twenty years. He has filed two meritless Rule 60(b) motions in this matter, and his present appeal is his third non-meritorious appeal in this case. His last appeal in this matter resulted in the imposition of sanctions on Kersh. Despite the sanctions, Kersh continued to pursue his frivolous and vexatious litigation by filing the current Rule 60(b) motion and this resulting appeal. In light of this ongoing abuse of the judicial process, we order Kersh to show cause in writing not later than thirty days from the file date of this order why an injunction should not issue, prohibiting him from filing future pleadings in the district court or appeals with this court that relate to the subject matter of this protracted litigation. A copy of the proposed injunction is attached hereto as an appendix.

## APPENDIX

DAVID A. KERSH, Plaintiff–Appellant,

v.

AMERICAN HEART OF MICHIGAN, INC.; FRED HOOPS; LIBERTY STATE BANK AND TRUST; and

HOOPS & HOOPS, P.C., Defendants–Appellee.

No. 02-1865.

UNITED STATES COURT OF APPEAL, SIXTH CIRCUIT

### *ORDER*

Upon consideration of the court, it is hereby ORDERED that David Kersh and his agents, legal or personal, be enjoined from filing any further pleadings or appeals arising out of the subject matter of *Kersh v. Am. Heart of Mich., Inc.*, District Case No. 86–72055 (E.D.Mich.), without first obtaining leave of the court in which he seeks to file the pleading or appeal.

In order to obtain leave of court, Kersh shall certify that the claim or claims he wishes to present are new claims never before raised and disposed of by any federal court. He shall certify that his action is taken in good faith and that the claims he raises are not frivolous or malicious.

A motion for leave to appeal must be captioned "Application Pursuant to Court Order Seeking Leave to File," and Kersh must affix a copy of this order to that motion. This motion must be filed with this court within ten days after Kersh files a notice of appeal for which leave of court must first be obtained. Failure to comply strictly with the terms of this injunction will be grounds for summarily denying leave to file. Pleadings considered malicious, frivolous, or brought in bad faith may be grounds for civil contempt proceedings.

The following procedures shall govern any appeals in this court filed by David Kersh against the appellees until such time as the court may order otherwise.

Upon timely receipt of a complete petition for leave to appeal, the clerk of the Sixth Circuit shall direct the clerk of the appropriate district court to transmit the

record of the underlying case. No further proceedings shall take place in this court, nor shall any other filings be accepted, until this court has reviewed the petition and the record to determine whether Kersh's appeal presents a colorable claim.