Fred PIERCE, Plaintiff-Appellee,

v.

UNITED MINE WORKERS OF AMER-
ICA WELFARE AND RETIREMENT
FUND FOR 1950 AND 1974 Julius Mul-
lins, John J. O'Connell and Paul R.
Dean, Defendants-Appellants.

No. 84–5852.

United States Court of Appeals,
Sixth Circuit.

Decided Aug. 26, 1985.

Argued June 12, 1985.

William F. Hanrahan, Jeanne K. Beck, United Mine Workers of America, Office of General Counsel, Mary Anne Gibbons (argued), Washington, D.C., E.H. Rayson, Kramer, Johnson, Rayson, McVeigh and Leake, Knoxville, Tenn., for defendants-appellants.

David J. Poss, Walter, Gilbertson and Associates, Knoxville, Tenn., Bruce I. Petrie, Jr. (argued), Graydon, Head and Ritchey, Cincinnati, Ohio, for plaintiff-appellee.

Before MERRITT and WELLFORD, Circuit Judges, and SPIEGEL, District Judge.[*]

MERRITT, Circuit Judge.

In this pension fund benefits case, the Trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950 argue on appeal that the District Court erred both in granting the plaintiff's motion under Fed.R.Civ.P. 60(b)(2) and (6) and in holding that the Trustees' denial of plaintiff's pension claim was not supported by substantial evidence. We hold that the District Court abused its discretion in granting plaintiff's Rule 60(b) motion and, therefore, reverse the judgment of the District Court.

Plaintiff is a former coal miner who worked in the coal industry from 1921 until 1949. He first applied for pension fund benefits on November 2, 1972. The Trustees evaluated plaintiff's claim under the eligibility criteria outlined in a settlement agreement arising from *Blankenship v. UMWA Welfare and Retirement Funds of 1950*, Civ. Nos. 2186–69 and 2350–69 (D.D.C. February 26, 1973). *Blankenship* criteria provide that a miner is eligible for a pension if he has completed at least twenty years of classified coal industry service, including at least five years of service after May 28, 1946, with an employer signatory to the effective bituminous coal wage agreement. The Fund Trustees denied Pierce's claim, because although he had worked in the mines for at least twenty years, he did not have the required full five years of signatory service.

On October 10, 1979, Pierce applied for additional signatory pension credit based on a period of disability resulting from a work-related eye injury; the Trustees found that this credit had been allowed in the first determination, and again denied Pierce's claim. Pierce then filed suit in District Court; on June 17, 1982, the Court evaluated plaintiff's case in light of the *Blankenship* criteria and granted defendant's summary judgment motion.

Almost one year later, Pierce moved for relief from the order pursuant to Fed.R. Civ.P. 60(b)(2) and (6).[1] With this motion, Pierce sought to introduce evidence concerning his work-related eye injury, which he alleged caused his involuntary retirement from the coal industry in 1949. The District Court granted the motion and determined that Pierce's claim was not bound by the signatory service requirement, but rather by the mandate of *Lavella v. Boyle*, 444 F.2d 910 (D.C.Cir.), *cert. denied*, 404 U.S. 850, 92 S.Ct. 84, 30 L.Ed.2d 89 (1971). The District Court held that under *Lavella*, Pierce would be entitled to a pension if he proved that a permanent work-related disability forced him to leave the coal industry at a time when he had fulfilled all of the existing preconditions for pension eligibility except age.

The Court then remanded Pierce's case to the Trustees for consideration of the additional evidence Pierce had submitted to

[*] The Honorable S. Arthur Spiegel, Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

support his claim that his work-related eye injury disabled him from further work in the coal industry. The Trustees then applied the eligibility criteria found in Resolution 92, effected in 1973 to incorporate the *Lavella* mandate. The Trustees again denied Pierce's claim, finding that Pierce had not been forced to leave the coal industry because of his injury. The District Court then held that the Trustees' denial of benefits was not supported by substantial evidence, and reversed for benefits. The Trustees filed this appeal.

The District Court did not specify whether it granted Pierce's motion under Rule 60(b)(2) or 60(b)(6). It is clear, however, that plaintiff's motion fails under either section.

■ Under 60(b)(2), a court may relieve a party from a final judgment if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." With his 60(b) motion, plaintiff submitted the following additional evidence: his own affidavit describing the injury, his termination from employment due to the injury and the subsequent workers' compensation award; the affidavit of his former employer verifying the reason for his termination; his black lung award; an affidavit from Pierce verifying his age; the 1949 20-year eligibility rules; and Resolution 92. All of this clearly could have been discovered and submitted in time to move for a new trial.

Under 60(b)(6), broader equitable principles apply. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir.1981). Courts have stressed, however, that 60(b)(6) should be used only in exceptional or extraordinary circumstances, *see, e.g., Griffin v.*

*Swim-Tech Corp.*, 722 F.2d 677 (11th Cir. 1983); *Duran v. Elrod*, 713 F.2d 292 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 1615, 80 L.Ed.2d 143 (1984); *Ashford v. Steuart*, 657 F.2d 1053 (9th Cir.1981), and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b). *See, e.g., Steinhoff v. Harris*, 698 F.2d 270, 276 (6th Cir.1983); *Matter of Emergency Beacon Corp.*, 666 F.2d 754 (2d Cir.1981); *William Shillings & Associates v. Cunard Transp. Ltd.*, 594 F.2d 1078 (5th Cir.1979); *Lubben v. Selective Service System*, 453 F.2d 645 (1st Cir.1972).

■ It is clear that plaintiff's fundamental basis for his 60(b) motion is a claim of legal error. He argues that the Trustees applied an incorrect legal standard to his pension claim in the first instance, and that the District Court's initial summary judgment was error because it affirmed the Trustees' application of the wrong standard. This Court has recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1). *See Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983). A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal. *Id.*

■ Because of the residual nature of Rule 60(b)(6), a claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b)(6). Construing Pierce's motion as one under 60(b)(1), however, his motion is time-barred because he did not bring it within the period for appeal mandated by Fed.R.App.P. 4(a).[2]

■ It is settled that a 60(b) motion "cannot be used to avoid the consequences

---

**1.** Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party · or his legal representative from a final judgment, order, or proceeding for the following reasons ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ... or (6) any other reason justifying relief from the operation of the judgment.

**2.** Rule 4(a) of the Fed.R.App.P. provides in relevant part:

of a party's decision ... to forego an appeal from an adverse ruling." *Steinhoff v. Harris,* 698 F.2d at 275. *See also Martinez-McBean v. Government of the Virgin Islands,* 562 F.2d 908, 911–12 (3d Cir. 1977). This admonition applies with particular force to a motion based on legal error. The interests of finality of judgments and judicial economy outweigh the value of giving a party a second bite of the apple by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that would have been asserted on appeal.

Plaintiff has alleged no exceptional or extraordinary circumstances otherwise placing his claim within the reach of 60(b)(6). Because his motion is not cognizable either under Rule 60(b)(2) or (6), the judgment of the District Court is reversed. Judge Spiegel respectfully dissents.

(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....

. . . .

(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)....