785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PHILLIP JONES, Plaintiff-Appellant,
v.
ANDREW KOZINSKI; JOSEPH HAYAY, Defendants-Appellees.
 85-1332
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 ORDER
 
 1
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and GIBSON, District Judge*.
 
 
 2
 The plaintiff appeals an order denying his request for reconsideration of the summary judgment entered for the defendants in the underlying pro se civil rights action. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The underlying action stems from the plaintiff's 1980 jury conviction for first-degree murder and violation of Michigan's felony firearms statute. The district court entered summary judgment for the defendants on September 9, 1982. The plaintiff did not appeal, but instead waited three months and filed a motion for reconsideration. The district court, construing that motion as one to vacate judgment under Rule 60(b), Federal Rules of Civil Procedure, denied relief. Again, the plaintiff did not file a notice of appeal.
 
 
 4
 Over two years later, in January, 1985, the plaintiff submitted to the district court, with that court's permission, another request for reconsideration. The district court reviewed the submitted materials, found no basis for changing the underlying judgment, and denied the request for reconsideration. This appeal followed.
 
 
 5
 We have reviewed the record of the proceedings below and conclude the only possible procedural basis for the plaintiff's January, 1985, request for reconsideration was as a motion to vacate judgment under Rule 60(b)(6). That rule should be used only in exceptional or extraordinary circumstances and cannot be used where the first five subsections of Rule 60(b) are or were available to the movant. Smith v. Secretary of HHS, 776 F.2d 1330, 1333 (6th Cir. 1985); Pierce v. U.M.W. Welfare and Retirement Fund, 770 F.2d 449, 451 (6th Cir. 1985). Likewise, it cannot be used to avoid the consequences of a failure to file a notice of appeal from the underlying judgment. Pierce, supra, 770 F.2d at 451-52.
 
 
 6
 Reviewing the record with these factors in mind, we conclude the district court did not abuse its discretion in denying the requested relief. The motion presented no grounds which would warrant vacation of the prior judgment or excuse the lengthy delay in seeking reconsideration thereof.
 
 
 7
 It is ORDERED that the district court's order of April 1, 1985, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation