817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Saul P. BAKER, M.D., Plaintiff-Appellant,
v.
CHAGRIN VALLEY MEDICAL CORP., et al., Defendants-Appellees.
 No. 86-3347.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1987.
 N.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before GUY and BOGGS, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 3
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's orders denying his motion to vacate its judgment and the district court's order denying reconsideration of the motion to vacate. The matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, the panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 4
 Plaintiff alleges that the district court erroneously denied his motion to vacate the judgment for lack of jurisdiction and reconsideration thereof because the district court's decision is based on fraudulent evidence.
 
 
 5
 Upon consideration, this Court concludes that the district court's orders denying relief in this matter were not an abuse of discretion and must be affirmed. The district court correctly denied plaintiff's motion to vacate the judgment because plaintiff's pending appeal in this Court divested the district court of jurisdiction and a remand of the action was not warranted absent the district court's inclination to grant the motion. First Nat. Bank of Salem Ohio v. Hirsch, 535 F.2d 343 (6th Cir. 1976). Moreover, the district court correctly denied plaintiff's motion for reconsideration because plaintiff merely alleges fraud to reassert the same allegations considered by the district court prior to entry of its decision. A motion for relief from judgment cannot be used as a substitute for a direct appeal. See Pierce v. United Mine Workers of America Welfare, 770 F.2d 449 (6th Cir. 1985). Significantly, most issues raised by plaintiff in his post-judgment motions, and on appeal to support his claim of fraud, are irrelevant as a basis for relief. The district court did not reach the merits of this action, but dismissed the action as barred by the statute of limitations. In relation thereto, the district court considered all evidence plaintiff now asserts as fraud prior to the entry of its decision, which substantiates that plaintiff's post-judgment motions are simply frivolous attempts to circuitously obtain review of the merits.
 
 
 6
 It is therefore ORDERED that the district court's order denying plaintiff's motion to vacate the judgment be and hereby is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation