861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PEROTTI; Paul R. Brumfield, Plaintiffs-Appellants,
v.
Terry L. MORRIS, Supt.; Richard Celeste, Governor; Anthony
Brigano, Chief Inspector; Ronald C. Marshall,
Supt. Defendants-Appellees.
 Nos. 88-3159, 88-3412.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 In these consolidated appeals, these pro se Ohio state prisoners appeal (Case No. 88-3159) the summary judgment dismissal of their civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1984, 1985 and 1988. They also appeal (Case No. 88-3412) the district court's denial of their Fed.R.Civ.P. 60(b) motion for relief from judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, plaintiffs sued the defendant prison officials alleging violations of their first and fourteenth amendment rights. Plaintiffs were inmates at the Southern Ohio Correctional Facility (SOCF) and were housed in Level 3 of the Administrative Control Unit. Plaintiffs were members of the Industrial Workers of the World Union, and they filed suit when their union membership cards and union newspapers were confiscated on the basis of a SOCF regulation that restricts the number of personal items a Level 3 inmate may have in his cell. Plaintiffs alleged that this regulation is inconsistently applied and impinges upon their constitutional rights. The district court granted defendants' motion for summary judgment finding that Perotti's claims were barred by res judicata, and that resolution of Brumfield's claims was controlled by stare decisis. The district court also denied plaintiffs' motion for relief from judgment.
 
 
 3
 Regarding Case No. 88-3159, we conclude that the SOCF regulation does not unreasonably impinge upon plaintiffs' constitutional rights because it is reasonably related to legitimate penological interests. See Turner v. Safley, --- U.S. ----, 107 S.Ct. 2254, 2259-63 (1987); Jones v. North Carolina Prisoners Union, 433 U.S. 119, 129 (1977). Moreover, plaintiffs' allegation of inconsistent application of the regulation was insufficient if proved to sustain their burden of establishing by substantial evidence that the restrictions were greater than needed to protect the governmental interest involved. See Espinoza v. Wilson, 814 F.2d 1093, 1099 (6th Cir.1987) (per curiam).
 
 
 4
 Regarding Case No. 88-3412, we also conclude that the district court did not abuse its discretion in denying plaintiffs' motion for relief from judgment. See Pierce v. United Mine Workers of Am. Welfare & Retirement Fund, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986); Peake v. First Nat'l Bank, 717 F.2d 1016, 1020 (6th Cir.1983). In their motion, plaintiffs merely sought to relitigate the underlying dismissal, and did not present any exceptional circumstances so as to warrant Rule 60(b) relief.
 
 
 5
 Accordingly, the district court's judgments are hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.