900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. ANDERSON, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Equal Employment Opportunity
Commission; American Postal Workers Union,
Defendants-Appellees.
 No. 89-3746.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and RALPH B. GUY, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, William A. Anderson, appeals an order of the district court which denied his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). He now moves for leave to proceed in forma pauperis, appointment of counsel and a transcript at government expense. Defendants have moved to dismiss the appeal for want of jurisdiction. Upon consideration of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 31, 1988, the United States District Court for the Northern District of Ohio entered an order dismissing plaintiff's cause of action against defendants for employment discrimination, unfair labor practices and violations of the Veterans Preference Act, 5 U.S.C. Sec. 3309. Plaintiff took no appeal from that order. Instead, on November 2, 1988, sixty-three days later, he filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) in which he maintained that the order dismissing his complaint was the product of various legal errors by the district court. On June 19, 1989, the district court entered an order summarily denying that motion and plaintiff filed a notice of appeal on August 15, 1989.
 
 
 3
 Defendants move to dismiss the appeal as untimely. Specifically, they note that the order denying the motion for relief from judgment was dated June 15, 1989. They maintain that under Fed.R.App.P. 4(a)(1), plaintiff was required to file his notice of appeal within sixty days of that date, i.e., August 14, 1989. As the notice of appeal was not filed until August 15, 1989, defendants argue that the appeal is untimely and should be dismissed for want of jurisdiction.
 
 
 4
 That argument is without merit, however, as the order denying the motion for relief from judgment, although dated June 15, 1989, was not entered until June 19, 1989. Fed.R.App.P. 4(a)(1) specifies that the time for filing a notice of appeal does not begin to run until the entry of a final order or judgment. Accordingly, plaintiff had until August 18, 1989, to file his notice of appeal. The appeal is therefore timely and the motion to dismiss for lack of jurisdiction must be denied.
 
 
 5
 Based upon a careful review of the record, this court has concluded that the district court did not abuse its discretion in denying the motion for relief from judgment. Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). Plaintiff grounded his claim for that relief upon the assertion that the district court committed various legal errors in its order dismissing his complaint. Thus, he is relying upon subsection (1) of Fed.R.Civ.P. 60(b) which allows for relief from a judgment that is the product of "mistakes." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). This court has held, however, that a motion for relief from judgment under Fed.R.Civ.P. 60(b) can not serve as a substitute for an appeal and, to the extent that it is based upon the claim that the district court's errors constituted mistakes within the meaning of that rule, must be filed within the time period provided in Fed.R.App.P. 4(a)(1) for filing a notice of appeal from the judgment under consideration. Pierce v. United Mine Workers, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986). In this case the time for filing a notice of appeal from the district court's order dismissing plaintiff's complaint expired on October 31, 1988. Fed.R.App.P. 4(a)(1). As plaintiff did not seek relief under Fed.R.Civ.P. 60(b)(1) until after that date, the district court did not err in denying his motion for relief from judgment.
 
 
 6
 Accordingly, the motion for leave to proceed in forma pauperis is granted; the motions to dismiss the appeal and for appointment of counsel and a transcript at government expense are denied; and the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.