951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victoria E. ULLMANN, Plaintiff/Appellant,
v.
OLWINE, CONNELLY, CHASE, O'DONNELL AND WEYHER; and Job
Taylor, III, Defendants/Appellees.
 No. 91-3334.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff/Appellant Victoria E. Ullmann appeals the District Court's denial of a Fed.R.Civ.Pro. 60(b) post-judgment motion for relief from judgment, and a subsequent Fed.R.Civ.Pro. 52(b) motion to "amend" the District Court's Rule 60(b) ruling. For the following reasons, we affirm the decisions of the District Court.
 
 I. FACTUAL BACKGROUND
 
 2
 This appeal stems from Plaintiff Ullmann's 1985 Title VII sex discrimination lawsuit against Defendants/Appellees Olwine, Connelly, Chase, O'Donnell & Weyher, a law firm, and one of the firm's partners, Job Taylor, after Ms. Ullmann's employment as an attorney with the firm was terminated.
 
 
 3
 In her 1985 Complaint, Ms. Ullmann had asserted claims of sexual discrimination, sexual harassment and pendent claims for breach of contract, battery and intentional infliction of emotional distress. Defendants subsequently brought a counterclaim for fraud and also brought a motion for sanctions under Fed.R.Civ.P. 11 for the frivolous nature of Ms. Ullmann's Complaint. Most of Ms. Ullmann's claims were dismissed on summary judgment ( see Ullmann v. Olwine, Connelly, Chase, O'Donnell & Weyher, et al., 123 F.R.D. 237 (S.D.Ohio 1987)), while the remaining counts for sexual harassment proceeded to trial before a magistrate.
 
 
 4
 Near the close of Plaintiff's case on the third day of trial, a settlement conference was held wherein Defendants offered to give up their counterclaim for fraud and to withdraw their motion for Rule 11 sanctions in exchange for Ms. Ullmann's dismissal of her remaining claims and executing releases. A recess of several hours was taken during which Ms. Ullmann herself further negotiated the settlement agreement terms, including the addition of a mutual confidentiality provision whereby all parties agreed not to discuss the facts of the case. Thereafter, proceedings were held in open court where the settlement terms, including Ms. Ullmann's agreement to them, were expressly stated on the record. Ms. Ullmann requested, and was allowed, during those "on-the-record-settlement-proceedings" to "make a statement". At no point during that statement, did Ms. Ullmann indicate that her assent to the settlement was involuntary.
 
 
 5
 Thereafter, however, Ms. Ullmann refused to sign papers memorializing and implementing the settlement agreement (all of which had been approved by her attorney). She told Defendants that she would not follow through with the settlement to dismiss her sex harassment/discrimination claims and sign a release unless Defendants made a sizeable cash payment to her.
 
 
 6
 Defendants then filed a motion in the District Court to enforce the settlement agreement and for sanctions under 28 U.S.C. § 1927 in the amount of the additional attorneys' fees and costs incurred by them in connection with the motion to enforce. The District Court granted both motions. See, Ullmann v. Olwine, Connelly, Chase, O'Donnell and Weyher, et al., 123 F.R.D. 253 (S.D.Ohio 1987). This Court affirmed the District Court's rulings on those motions in an unpublished opinion.[1] Ullmann subsequently moved for rehearing, and that motion for rehearing was denied. She then filed a petition for writ of certiorari to the U.S. Supreme Court, which was also denied.[2]
 
 
 7
 Thereafter, Ms. Ullmann filed a post-judgment motion in the District Court for relief from judgment under Fed.R.Civ.Pro. 60(b). That motion was denied. After her Rule 60(b) motion was denied, Ms. Ullmann filed another motion in the District Court--a motion pursuant to Fed.R.Civ.Pro. 52(b), in which she requested that the District Court "amend" its Rule 60(b) ruling by vacating the earlier judgments. That motion, too, was denied. It is the denial of these Rule 60(b) and Rule 52(b) motions that are at issue in this appeal.
 
 II. ANALYSIS
 A. STANDARD OF REVIEW
 
 8
 Plaintiff has presented the instant appeal by arguing the merits of the two District Court judgments underlying her Rule 60(b) and Rule 52(b) motions--i.e., the 1987 judgments enforcing the parties' settlement agreement and assessing sanctions against her, which this Court affirmed in 1988--and now wants this Court to conduct a full scale de novo review of those judgments. However, Plaintiff is mistaken that such a de novo review is what an appellate court may do at this stage of the proceedings.
 
 
 9
 On an appeal from the denial of a motion for relief from judgment under Rule 60(b), "the Court of Appeals may review the ruling for abuse of discretion ... [but] an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978) (emphasis added). That rule has been consistently followed by this Court. See, e.g., Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 132-133 (6th Cir.1990); Smith v. Secretary of HHS, 776 F.2d 1330, 1332 (6th Cir.1985); Windsor v. Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983); Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.1981), cert. denied, 454 U.S. 1084 (1981).
 
 
 10
 Similarly, an order denying Rule 52(b) relief is not itself appealable, but rather is treated as an appeal from the underlying decision, which in this case, is the District Court's decision denying Ms. Ullmann's Rule 60(b) motion. See, In re Wyse, 340 F.2d 719, 725 (6th Cir.1965). If reviewable at all, such decisions are reviewable only for abuse of discretion. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982).[3]
 
 
 11
 B. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING APPELLANT'S RULE 60(b) MOTION OR IN REFUSING TO SUBSEQUENTLY AMEND ITS RULE 60(b) RULING.
 
 
 12
 Both the U.S. Supreme Court and this Court have repeatedly held that relief under Rule 60(b)--and particularly under subsection (6) which is the subsection relied upon by Ms. Ullmann--is "extraordinary relief" to be granted only in exceptional circumstances. Ackermann v. United States, 340 U.S. 193, 202 (1950); Mallory v. Eyrich, 922 F.2d 1273, 1281 (6th Cir.1991); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989); Pierce v. UMW Welfare & Retirement Fund, 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104 (1986).
 
 
 13
 Exceptional circumstances under Rule 60(b)(6) means "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (emphasis in original). "A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b)(6)." Pierce v. UMW Welfare & Retirement Fund, supra, 770 F.2d at 451.
 
 
 14
 In his Decision denying Ms. Ullmann's Rule 60(b) motion the District Judge explained in a well-written, detailed opinion how Plaintiff was merely reiterating in her motion arguments already ruled upon by the District Court and the Sixth Circuit:
 
 
 15
 Ms. Ullmann appealed both of the Magistrate's Orders [enforcing the settlement agreement and assessing sanctions against her]. On September 1, 1988 the United States Court of Appeals for the Sixth Circuit in a per curium opinion, affirmed the Magistrate. See, Victoria E. Ullmann v. Olwine, Connelly, Chase, O'Donnell & Weyher, No. 87-3945 and 87-4077 (6th Cir. Sept. 2, 1988), Doc. # 147 in this Court. The decision of the Court of Appeals represents a finding that the settlement agreement is valid and enforceable, and that Ms. Ullmann's refusal to comply was not made in good faith.
 
 
 16
 Undeterred by the foregoing proceedings, Ms. Ullmann sought relief from judgment, pursuant to Fed.R.Civ.Pro. 60(b). The Magistrate concluded that such relief was not appropriate, and this Court concurs. Rule 60(b) states:
 
 
 17
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered (3) fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.
 
 
 18
 Rule 60(b) provides for relief in extraordinary circumstances. In re Salem Mortgage Co., 791 F.2d 456 (6th Cir.1986). It is not a means by which a party dissatisfied with a judgment may obtain a rehearing of his or her case.
 
 
 19
 In her Rule 60(b) Motion, Ms. Ullmann basically reiterates her previous arguments regarding the validity of the settlement agreement and of the sanctions levied against her. In fact, Ms. Ullmann at one point states that, although her Motion was made pursuant to Rule 60(b), she in fact seeks review by this Court of the Magistrate's Orders. See Doc. # 156 at 5-8. Ms. Ullmann's request for relief greatly exaggerates the authority of this Court. The Court of Appeals has affirmed the Magistrate's rulings. A decision of the court of appeals cannot be later challenged in a district court proceeding.
 
 
 20
 [Emphasis in original.][4]
 
 
 21
 Reviewing courts will find an abuse of discretion in the denial of a Rule 60(b) motion only if there is a definite and firm conviction that the court committed a clear error of judgment. Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 133 (6th Cir.1990); Union Oil Co. of California v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). The Court finds no such clear error of judgment on the part of the District Judge in this case.
 
 
 22
 Having reviewed the District Court's decisions appealed from, as well as the entire record of this case, and by application of the foregoing authorities, this Court finds find no abuse of discretion in the District Court's denial of Plaintiff's Rule 60(b) and Rule 52(b) post-judgment/post-appeal motions. Accordingly, the District Court decisions appealed from are hereby AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Ullmann v. Olwine, Connelly, Chase, O'Donnell & Weyher, et al., Sixth Circuit Nos. 87-3945 and 87-4077, Sept. 2, 1988 per curiam Opinion
 
 
 [2]
 See, Ullmann v. Olwine, Connelly, Chase, O'Donnell and Weyher, et al., 489 U.S. 1080, 109 S.Ct. 1533, 103 L.Ed.2d 838 (1989)
 
 
 [3]
 See also, National Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119 (1st Cir.1990) ("Rule 52(b) is not intended to allow parties to rehash old arguments already considered and rejected by the trial court.... Appellate courts consistently have acknowledged the considerable discretion possessed by trial judges in deciding whether or not to grant Rule 52(b) or 59(e) motions." Id. at 123, 125.)
 
 
 [4]
 Ms. Ullmann also argues in this appeal, as she did in her Rule 60(b) motion, that she should be relieved from enforcement of the settlement order under Rule 60(b)(5) because of "changed circumstances". The changed circumstances that she argues here, as she did in the District Court, were that the Magistrate's decisions in this case were published. She contended, as she does now, that the confidentiality provisions of the settlement agreement should be revoked. The District Judge found no merit in that argument:
 There is similarly no merit to Ms. Ullmann's contention that publication of the Magistrate's opinions constitutes a change of circumstances which justifies the relief. The record in the case had never been sealed, and all documents filed became part of the public domain, a fact that was well known to Ms. Ullmann. Had the public nature of the record been a concern, Ms. Ullmann could have requested that the record be sealed as a condition of settlement. She cannot now use her own oversight as a means of escaping her obligations.
 [1/25/91 Decision.]
 See also, the District Court's Decision on Plaintiff's subsequent Rule 52(b) motion to amend the Rule 60(b) ruling:
 Miss Ullmann's second alleged violation of § 455(a) is this Judge's release of some opinions in this case for publication on LEXIS. This claim is ludicrous. Plaintiff has absolutely no factual basis for her claim that these publications were outside the Court's usual publication practice; she does not know what that practice is. But apart from that, the very notion that offering an opinion for electronic publication shows a judge's impartiality might reasonably be questioned promises either to generate satellite § 455 litigation in every published case or end the practice of publishing opinions.
 [3/11/91 Decision.]