**TIMOTHY A. GARVERICK & ASSOCIATES, Plaintiff,**

v.

**HEIDTMAN STEEL PRODUCTS, INC., an Ohio corporation, and Sanchez Enterprises, Inc., an Ohio corporation, jointly and severally, Defendants.**

No. 90–CV–71785–DT.

United States District Court, E.D. Michigan, S.D.

Nov. 24, 1992.

Richard H. Puzzuoli, Detroit, MI, for plaintiff.

Durward L. Hutchinson, Monroe, MI, Linda K. Shinkle, John M. Carey, Toledo, OH, for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on plaintiff's, Timothy A. Garverick & Associates ("plaintiff"), motion for relief from judgment entered September 25, 1991. Fed. R.Civ.P. 60(b). Defendant, Heidtman Steel Products, Inc. ("Heidtman Steel"), responded thereto. Pursuant to E.D.Mich. LR 7.1(e)(2), the Court ORDERS that plaintiff's motion be disposed of upon the briefs which the parties have submitted and without the Court entertaining oral argument on the motion. For the reasons set forth below, plaintiff's motion for relief from judgment is denied.

## I. BACKGROUND

In February of 1990, Heidtman Steel levied upon all of the assets of Sanchez Enterprises, Inc. ("Sanchez Enterprises"). At that point in time, Heidtman Steel was a fully secured first position creditor of Sanchez Enterprises. As a result of Heidtman Steel's actions, plaintiff, an unsecured creditor of Sanchez Enterprises, sought to impose liability on Heidtman Steel for a debt which Sanchez Enterprises owed to plaintiff. On June 22, 1990, plaintiff brought suit against Heidtman Steel and Sanchez Enterprises. Heidtman Steel filed its answer thereto on July 31, 1990 and on November 15, 1990, Heidtman Steel moved for summary judgment.

Plaintiff filed a response to Heidtman Steels' motion for summary judgment, and in support of its position, plaintiff alleged that a merger had occurred between Heidtman Steel and Sanchez Enterprises. As to this position, plaintiff submitted one piece of evidence. That piece of evidence was the affidavit of its attorney, Richard H. Puzzuoli, who swore to a comment made by a former sales agent of Sanchez Enterprises. The sales agent characterized Heidtman Steel's levy on Sanchez Enterprises as a "merger." Plaintiff, in its response, did not allege that it was unable to secure necessary information to meet its burden in order to defeat Heidtman Steel's motion for summary judgment. In addition, plaintiff did not file an affidavit pursuant to Fed. R.Civ.P. 56(f) requesting additional time in which to secure information.

On November 16, 1990, one day after Heidtman Steel filed its motion for sum-

mary judgment, plaintiff served upon Heidtman Steel a set of interrogatories. Heidtman Steel responded to plaintiff's interrogatories on December 7, 1990. Plaintiff did not file a motion to compel with respect to Heidtman Steel's answers to plaintiff's interrogatories.[1]

In a Memorandum Opinion and Order dated April 17, 1991, the Court denied Heidtman Steel's motion for summary judgment on the grounds that successor liability might be found under a claim of *de facto* merger. Although plaintiff did not expressly state a claim for *de facto* merger in its complaint, the Court held that such a claim was made in the complaint when the complaint was viewed in light of the liberal rules of pleading. However, because neither party addressed the issue of *de facto* merger, the Court ordered the parties to file supplemental briefs on this issue. The supplemental briefs were due May 5, 1991.

The parties filed their respective supplemental briefs on the issue. In addition, the parties agreed to extend discovery through July 26, 1991. The last depositions were taken on August 6, 1991. Transcripts from these depositions were completed on August 19, 1991. A review of the civil docket sheet in this case reveals that plaintiff did not attempt to supplement its brief on the issue of *de facto* merger. On September 25, 1991, the Court, in a Memorandum Opinion and Order, granted summary judgment in favor of Heidtman Steel. Plaintiff neither moved for reconsideration of this Order nor did plaintiff appeal this decision

to the Sixth Circuit. The Court also entered judgment on September 25, 1991.

Finally, on September 25, 1992, exactly one year from the date of the judgment in this case, plaintiff filed the instant motion for relief from judgment. All of the information which plaintiff relies upon in its motion for relief from judgment was in plaintiff's possession *before* the Court granted Heidtman Steel's motion for summary judgment on September 25, 1991. Plaintiff also seeks leave to amend its complaint in order to state a claim for fraud and to add the following parties to this suit: 1) HS Automotive;[2] and 2) the members of the Sanchez family who were shareholders of Sanchez Enterprises.[3]

## II. OPINION

### A. Relief From Judgment

Plaintiff quotes Fed.R.Civ.P. 60(b)(1), (2), (3), and (6) in support of its motion for relief from judgment.[4] These subparts state as follows:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.**

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);[5] (3) fraud (whether hereto-

---

1. Under the Court's scheduling order, plaintiff had until December 21, 1991, to file a motion to compel.

2. Heidtman Steel created HS Automotive as a direct result of Heidtman Steel taking all of the assets of Sanchez Enterprises. HS Automotive is an automotive supplier engaged in the same business that Sanchez Enterprises was engaged in.

3. This would include the following: 1) Joseph P. Sanchez; 2) Lucienne Sanchez; 3) Jean Sanchez; 4) Wayne Sanchez; 5) Michael Sanchez; 6) Chantel Sanchez; and 7) Lucy Sanchez.

4. Although plaintiff quotes these sections of Rule 60(b), it is not very clear from plaintiff's brief which of these subsections plaintiff is rely-

ing on. However, after a close reading of plaintiff's brief, the Court finds that plaintiff's arguments fall within Rule 60(b)(1) and (b)(6). Rule 60(b)(2) [newly discovered evidence] does not apply to plaintiff's argument because plaintiff has not discovered new evidence. All of the evidence plaintiff relies upon was in plaintiff's possession *before* the Court entered judgment is this case. Rule 60(b)(3) [fraud or other misconduct by adverse party] *is not* supported by the facts in this case.

5. Rule 59(b) states that "[a] motion for a new trial shall be served not later than 10 days after the entry of the judgment."

fore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

### 1. Timeliness

■ Plaintiff's Rule 60(b) motion was filed within one year after judgment in this case. As a result, the Court must determine whether plaintiff's Rule 60(b) motion was filed "within a reasonable time" as is provided in Rule 60(b). "The reasonable time standard has been interpreted to depend on the factual circumstances of each case." *Smith v. Secretary of Health and Human Services,* 776 F.2d 1330, 1333 (6th Cir.1985) (citation omitted); *see also Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990) ("reasonable time [under Rule 60(b)(6) ] ... depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of delay, and the circumstances compelling equitable relief."); *Bank of California, N.A. v. Arthur Andersen & Co.,* 709 F.2d 1174 (7th Cir.1983) (The one year period under Rule 60(b) is the outer limit; shorter period may be unreasonable under the circumstances).

In the case at bar, there is nothing to support a finding by the Court that plaintiff's motion was made in a reasonable time. As noted above, plaintiff's motion was filed exactly one year after the entry of judgment in this case. All of the facts and all of the arguments which plaintiff raises in its Rule 60(b) motion were known to plaintiff *before* judgment was entered in this case. Plaintiff neither filed a motion for reconsideration or a motion to alter or amend judgment, nor did plaintiff appeal the Court's decision to the Sixth Circuit. In addition, the Court cannot overlook the fact that Heidtman Steel relied on the fact that plaintiff did not appeal the Court decision. All the facts in this case point to the same conclusion: plaintiff's rule 60(b) motion was not filed within a reasonable time,

and thus under Rule 60(b) plaintiff's motion is untimely. Accordingly, plaintiff's Rule 60(b) motion is denied. Furthermore, even if plaintiff's Rule 60(b) motion was filed within a reasonable time, plaintiff's motion still fails for the following reasons.

### 2. Rule 60(b)(1)

A close reading of plaintiff's brief in support of its Rule 60(b) motion reveals that the basis for the motion is a claim of legal error. Plaintiff makes the following specific arguments: "(1) plaintiff should have had the opportunity to amend its complaint to plead fraud with specificity rather than having its initial complaint dismissed, even though that initial complaint put defendants on notice of plaintiff's fraud claim; (2) defendants self-serving affidavits should have been given less weight and reliance by this Court; and (3) the substance of the transaction by Heidtman Steel Products, Inc., Sanchez Enterprises, Inc., HS Automotive, Inc., and the Sanchez family should have been recognized over the form proposed by the defendant."

■ Any claim arguing legal error is "subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974,* 770 F.2d 449, 451 (6th Cir.1985) (citing *Barrier v. Beaver,* 712 F.2d 231, 234 (6th Cir.1983)). In addition, "[a] Rule 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce,* 770 F.2d at 451.

Fed.R.App.P. 4(a) provides in relevant part:

(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of judgment or order appealed from....

. . . .

(5) The district Court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of

appeal upon notice filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). . . .

Accordingly, plaintiff's motion under Rule 60(b)(1) is time-barred because plaintiff did not bring the motion within the period for appeal set forth by Fed.R.App.R. 4(a). *See Pierce, supra.*

▮▮▮ Assuming that somehow plaintiff's motion is not time-barred, "it is well-established that while gross negligence is generally not enough to set aside a judgment under Rule 60(b)(1), mistakes made as a result of excusable neglect may be set aside, especially if under the circumstances it would be equitable to do so." *Whitaker Associated Credit Services, Inc.,* 946 F.2d 1222, 1224 (6th Cir.1991) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure,* § 2858 (1973)). Therefore, the precise question before the Court is whether plaintiff's mistake[6] was "excusable neglect." In determining whether excusable neglect exists in a given case, the Court not only examines the movant's conduct, but the Court also examines whether there is any prejudice to the other party and what effect such a motion would have on the Court's management of its docket. *Buck v. United States Dept. of Agriculture, Farmers Home Administration,* 960 F.2d 603, 609 (6th Cir.1992).

Here, all of the factors weigh in the favor of the Court finding that plaintiff's conduct does not come within the meaning of excusable neglect. First, plaintiff's conduct in the case at bar, at best, can be characterized as gross negligence. Plaintiff had this information before the Court rendered its decision on Heidtman Steel's motion for summary judgment, and yet plaintiff waited a full year from judgment being entered to bring such information to the Court's attention. Second, Heidtman Steel has relied on the finality of the Court's decision in making business decisions, and thus Heidtman Steel would be prejudiced by the Court granting plaintiff's motion. Finally, the Court's administration of its docket would be greatly affected to say the least. Allowing parties to success-

fully raise issues a full year after judgment where the parties had the information prior to judgment, and neither appealed nor filed a motion for reconsideration, would create havoc in the Court's administration of its docket. In addition, equity is not on the side of plaintiff in the case at bar. Consequently, plaintiff's actions in the case at bar do not come within the meaning of "excusable neglect" under Rule 60(b)(1), and thus plaintiff's motion for relief from judgment must fail.

### 3. Rule 60(b)(6)

▮▮ Assuming that plaintiff's Rule 60(b)(6) motion is timely, the Court finds that this motion also must fail. In *Olle v. Henry & Wright Corp.,* 910 F.2d 357 (6th Cir.1990), the Sixth Circuit stated:

We have held that Rule 60(b)(6) should apply "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." . . . Courts, however, must apply subsection (b)(6) only "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." . . .

. . . The "something more," then, must include unusual and extreme situations where principals of equity *mandate* relief.

*Id.* at 365 (citations omitted) (emphasis in original).

For the same reasons set forth above, the Court finds that this is not a case where the principles of equity mandate relief from judgment. Accordingly, plaintiff's motion under Rule 60(b)(6) must be denied.

### 4. Motion to Amend

▮▮ Plaintiff's motion to amend its complaint to plead fraud with specificity and to add parties is not well grounded in either the facts or the law. Plaintiff latches on to the following language which appeared in the Court's Opinion granting Heidtman Steel's motion for summary judgment: "Even if plaintiff had pled a legally sufficient claim for fraud, such claim is factual-

---

**6.** Plaintiff's mistake consisted of it failing to    submit material evidence in a timely manner.

ly insufficient. Although plaintiff's amended complaint...." Plaintiff argues that it "never had the opportunity to file its amended complaint." However, plaintiff never filed a motion for leave to amend its complaint, because, as plaintiff states in its brief in support of its Rule 60(b) motion, "[p]laintiff never filed an amended complaint *instead relying on the substance of the transaction as pled in its complaint and which put defendant Heidtman Steel on notice of the fraud claim.*" Plaintiff's brief in support of Rule 60(b) motion at 9. Plaintiff made a decision not to amend its complaint and now it cannot be said that justice requires that plaintiff have an opportunity to amend its complaint. *See* Fed. R.Civ.P. 15(a). Moreover, allowing plaintiff to amend its complaint would be an act of futility, because the Court has already determined that even if plaintiff had pleaded fraud with particularity, the facts are insufficient to support such a claim. Accordingly, plaintiff's motion to amend its complaint not only to plead fraud with particularity, but also to add parties, is denied.

## CONCLUSION

For all of the aforementioned reasons, plaintiff's motion seeking relief from judgment under Rule 60(b) is hereby DENIED and plaintiff's motion for leave to amend its complaint also is hereby DENIED.

IT IS SO ORDERED.