**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert L. HAWKINS, Defendant– Appellant.**

**No. 00–1372.**

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2001.

Before BATCHELDER and CLAY, Circuit Judges; POLSTER, District Judge.*

This is an appeal from a judgment denying a motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(1). This case has been referred to a panel of the

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 28, 1999, Robert Hawkins filed a motion for relief from judgment under Civil Rule 60(b)(1) in which he challenged several aspects of an amended judgment and commitment order of November 2, 1998. The district court denied the relief sought and this appeal followed.

The denial of a Rule 60(b) motion is reviewed under the abuse of discretion standard. *See United States v. Universal Management Servs., Inc.*, 191 F.3d 750, 757 (6th Cir.1999), *cert. denied*, 530 U.S. 1274, 120 S.Ct. 2740, 147 L.Ed.2d 1005 (2000). This court will find an abuse of discretion only when there is "a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989). An examination of the record and law shows that the district court did not abuse its discretion in denying Hawkins's motion.

In 1989, Hawkins was convicted of three separate criminal offenses, one of which was using or carrying a firearm in the course of a drug-trafficking offense. A panel of this court granted Hawkins's request to file a second motion to vacate sentence in 1996 directed to the "use or carry" conviction after the decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court ultimately concluded that the "use or carry" conviction should be vacated, Att. 5, and proceeded to resentence Hawkins by judgment and commitment order entered November 2, 1998. Hawkins's attempt to appeal this latter judgment failed when this court denied him a certificate of appealability in Case No. 98–2241.

Hawkins filed a Civil Rule 60(b)(1) motion on October 28, 1999, in which he challenged the November 1998 judgment and commitment order on several issues specific to the *Bailey* question as well as other general alleged legal errors. The district court concluded that the Rule 60(b)(1) motion should be denied as untimely and on the merits. This appeal followed and Hawkins takes issue with this latter decision in its entirely as well as other decisions by the district court and the Sixth Circuit.

The district court's initial evaluation of Hawkins's motion as untimely is completely supported in Sixth Circuit law. Rule 60(b)(1) provides, in part, that a district court may relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. In the Sixth Circuit, a claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1). *See Pierce v. United Mine Workers of Am., Welfare and Retirement Fund of 1950 and 1974*, 770 F.2d 449, 451 (6th Cir.1985) (citing *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983)). A Rule 60(b)(1) motion based on legal error must be brought, however, within the normal time for taking an appeal. *See Pierce*, 770 F.2d at 451. Under Fed. R.App. P. 4(b)(1)(A), Hawkins had ten days from the November 2, 1998, judgment and commitment order to perfect a direct appeal and he did so. The fact that Hawkins could not obtain a certificate of appealability from the district court or this court is of no moment to this inquiry. His subsequent attempt to transform a Rule 60(b)(1) motion, filed eleven months after the underlying judgment, into a second appeal, was plainly untimely under existing Sixth Circuit precedent.

Finally, Hawkins has filed a supplemental brief in which he suggests that this court should re-examine his 405 month

term of imprisonment in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi*, the Court held that "[o]ther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.*, 120 S.Ct. at 2362–63. In the case at bar, however, not only was this issue not presented below, but the jury convicted Hawkins on a count which specifically charged him with a drug conspiracy involving in excess of five kilograms of cocaine, for which the statute prescribes a maximum sentence of life in prison. *See* 21 U.S.C. § 841(b)(1)(A). Thus, the rule of *Apprendi* is not applicable to this case as the amount of drugs for sentencing purposes was determined by the jury beyond a reasonable doubt and Hawkins's sentence did not exceed the statutory maximum. Accordingly, this issue and Hawkins's related motion for remand, are of no moment.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.