**In re Beverly SWING, Debtor.**

**Bankruptcy No. 94–30360.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

July 14, 1994.

Ruth A. Slone–Stiver, Dayton, OH, for debtor.

John M. Slavens, Dayton, OH, for First National Bank.

George W. Ledford, Trustee, Englewood, OH.

## DECISION AND ORDER DENYING "MOTION TO VACATE ORDER AVOIDING LIEN OF FIRST NATIONAL BANK"

WILLIAM A. CLARK, Bankruptcy Judge.

Presently before the court is a "Motion to Vacate Order Avoiding Lien of First National Bank." The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

### FACTS

On February 23, 1994, the debtor, Beverly Swing, filed a motion to avoid the judicial lien of First National Bank pursuant to § 522(f) of the Bankruptcy Code. First National Bank filed nothing in response to the debt-or's motion, and the court entered an order avoiding the judicial lien on March 29, 1994. Although not referred to in the order, this court's order was based on the decision of *In re Moreland,* 142 B.R. 221 (Bankr.S.D.Ohio 1992).[1] First National Bank did not appeal this court's order of March 29, 1994.

On April 6, 1994, in *Resolution Trust Corporation v. Moreland (In re Moreland)*, 21 F.3d 102 (6th Cir.1994), the Sixth Circuit reversed the lower courts' decisions. Presently before the court is a motion of National City Bank (successor to First National Bank) for the court to vacate its order of March 29, 1994, on the ground "that such order was obtained as the result of all parties' mistake or erroneous understanding as to the correct law applicable to lien avoidance" (Doc. # 19). The bank's motion was filed on May 2, 1994.

### CONCLUSIONS OF LAW

■ Relief from an order of this court is governed by Fed.R.Bankr.P. 9024 which provides that:

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

Fed.R.Civ.P. 60(b) states that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3)

---

1. "The district court affirmed the decision of the bankruptcy court by an unpublished decision. However, it did not affirm on the grounds set out in the decision of the bankruptcy court." *Resolution Trust Corporation v. Moreland (In re Moreland)*, 21 F.3d 102, 104 (6th Cir.1994).

fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

■ Despite the availability of relief from orders under Rule 60(b), it must be emphasized that:

Our legal system has a strong interest in the finality of adjudication. Accordingly, we do not apply new judicial decisions retroactively without substantial justification. For example, in civil adjudication, the general rule under Fed.R.Civ.P. 60(b) is that a judgment will not be disturbed despite a change in the law. *United States v. Woods,* 986 F.2d 669, 674 (3d Cir.1993).

■ Although the movant has not referred to a particular portion of Rule 60, in this court's circuit a claim of legal error is "subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers of America Welfare,* 770 F.2d 449, 451 (6th Cir.1985). The initial inquiry, then, is whether the bank has filed its motion to vacate the court's order within a "reasonable time" as required by Rule 60(b):

A motion for relief under clause (1) must be made within a reasonable time, and "not later than one year after the judgment, order, or proceeding was entered or taken." Thus a party is not given an absolute year in which to make his motion for relief. Instead, a year is given as the *maximum* time beyond which no proceeding under clause (1) can be taken. 7 James W. Moore et al., Moore's Federal Practice para. 60.22[4] (2d ed. 1993).

With respect to the "reasonable time" requirement of Rule 60(b), the Sixth Circuit Court of Appeals has determined that relief may be granted under Rule 60(b)(1) only where a motion is filed prior to the time for taking an appeal:

Those courts which have found errors of law to be a ground for Rule 60(b)(1) relief, recognizing the effect their view has on Rule 59(e) and on finality of judgments, have considered carefully what is a "reasonable time" for seeking reconsideration of a point of law to the appeal period.... This Court is persuaded that the better view is to allow reconsideration of a point of law under Rule 60(b)(1) when relief from judgment is sought within the normal time for taking an appeal. *International Controls v. Vesco,* 556 F.2d 665 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758. This view serves the best interest of the judicial system by avoiding unnecessary appeals and allowing correction of legal error if and when made and the trial court has been satisfied that an error was committed. *Barrier v. Beaver,* 712 F.2d 231, 234–35 (6th Cir.1983).

It is settled that a 60(b) motion "cannot be used to avoid the consequences of a party's decision ... to forego an appeal from an adverse ruling." (citations omitted) This admonition applies with particular force to a motion based on legal error. The interests of finality of judgments and judicial economy outweigh the value of giving a party a second bite of the apple by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that would have been asserted on appeal. *Pierce, supra,* 770 F.2d at 451–52.

In the instant matter, in order to have appealed this court's order the bank was required to file a notice of appeal "within 10 days of the date of the entry of the ... order ... appealed from." Fed.R.Bankr.P. 8002(a). The bank did not appeal nor did it file its motion to vacate within the appeal period.

For whatever reason, appellant chose not to appeal at the time of the initial judgment and now seeks to use Rule 60(b) as a substitute for appeal after others had sought a ruling from the Fifth Circuit. An unsuccessful litigant may not rely on appeals by others and share in the fruits of

victory by way of a Rule 60(b) motion. *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir.1982).

■ It might appear that, because of a change in the law shortly after the issuance of this court's order, the bank should be given a year to file its Rule 60(b) motion. However, the interest in finality of judgments precludes such a result:

> The strong interest in the finality of litigation demands rejection of [such] suggestion. During the pendency of an appeal, the parties recognize the possibility of reversal; thus, modification of a judgment being appealed impacts not at all on finality concerns. "There must be an end to litigation some day, and free, calculated and deliberate choices are not to be relieved from." [*Ackerman v. U.S.*] 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207. Under [such] suggestion all judgments would not be final for a year. Their enforceability would be conditioned on no change in the law. The resulting instability would create chaos. *Id.*, at 841.

In short, "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 288 (5th Cir.1985). *Accord, Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir.1985). Because the bank's 60(b)(1) motion to vacate was filed outside the normal appeal period, its motion must be denied.

For the foregoing reasons, it is hereby ORDERED that National City Bank's "Motion to Vacate Order Avoiding Lien of First National Bank" is DENIED.