In re Dena L. EDEN, Debtor.

Sara J. Daneman, Trustee, Plaintiff,

v.

William F. Eden, Defendant.

Bankruptcy No. 01–51921.
Adversary No. 01–02360.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 7, 2003.

Sara J. Daneman, Esq., Gahanna, OH, for Plaintiff.

James R. Kingsley, Esq., Circleville, OH, for Defendant.

### ORDER ON MOTION FOR RELIEF FROM JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter came before the Court upon Defendant's Motion for Relief from Judgment ("Motion") and the Memorandum of Sara J. Daneman, Trustee, in Opposition

to Defendant's Motion for Relief from Judgment ("Memo Contra").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

## A. *Procedural History*

On February 27, 2001, Debtor, Dena L. Eden, filed her Chapter 7 bankruptcy petition. In Schedule A, Debtor listed an undivided one-half interest in real estate known as 13828 Fridley Road, Ashville, Ohio. In Schedule C, Debtor listed William F. Eden as a co-debtor on the Debtor's house and car. (Case No. 01–51921, pleading No. 1).

On October 30, 2001, Trustee filed this adversary proceeding. In the adversary proceeding complaint, Trustee sought an order from the Court allowing her to sell the real estate jointly owned by the Debtor and Defendant, William F. Eden. The Trustee based her complaint upon 11 U.S.C. § 363(h). Defendant answered the adversary proceeding complaint on November 28, 2001. In his answer, Defendant affirmatively stated that "the detriment to Defendant outweighs the benefit to the estate considering Defendant's life expectancy, his contribution to the purchase price and mortgage payments, tax exemptions, prospect of obtaining a new home, the physical problems of Dena Eden, the psychological, emotional, and financial detriments that would result from the sale." (Answer, adversary pleading no. 4).

On August 30, 2002, Trustee filed a motion for summary judgment. In the motion for summary judgment, Trustee ar-

gued that the requisite conditions had been established for the Court to authorize her to sell the real property co-owned by Debtor and Defendant pursuant to 11 U.S.C. § 363(h). Defendant filed no opposition to the motion for summary judgment. The Court reviewed the motion for summary judgment, as well as the adversary proceeding and bankruptcy proceeding files. Based upon that review, the Court concluded that Trustee's motion should be granted. The Court entered its Order on Motion of Sara J. Daneman for Summary Judgment on October 21, 2002.

On November 27, 2002, Defendant filed his Motion moving the Court "pursuant to FRCP. 609(B) [sic] and BR 9024 for relief from the order of sale entered October 18, 2002." (Motion, adversary pleading no. 17). Defendant, while not referring to a particular provision of mistake under Rule 60(b), argued that the Court "err[ed] when if [sic] found that there was sufficient equity in the property to be paid to the Trustee." (Motion, adversary pleading no. 17). Through the Motion, Defendant argued that the "order of sale" should be vacated.[1] Trustee responded and argued that Defendant's Motion should be denied because it was not timely and was being used as a substitute for appeal.

## B. *Legal Analysis*

■ Rule 60(b) of the Federal Rules of Civil Procedure, as made applicable by Rule 9024 of the Federal Rules of Bankruptcy procedure provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final

1. The Order entered on October 21, 2002, concluded that the Trustee had established the requisite conditions for the Court to authorize her to sell the co-owned real property pursuant to 11 U.S.C. § 363(h). It did not authorize or approve the sale of the real property to a particular purchaser at a particular price.

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Since Defendant did not refer to a particular provision of Rule 60(b), the claim of legal error must be "subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers of America Welfare*, 770 F.2d 449, 451 (6th Cir.1985). *See also In re Swing*, 171 B.R. 813, 814 (Bankr.S.D.Ohio 1994). Under Rule 60(b)(1), a motion for relief must be made within a reasonable time. In the Sixth Circuit, it has been determined that Rule 60(b)(1) relief may only be granted where the motion was filed prior to the time for taking an appeal. *In re Swing*, 171 B.R. at 815.

Under Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, a notice of appeal is required to be filed "within 10 days of the date of entry of the ... order ... appealed from." Fed. R. Bankr.P.

8002(a). In the instant case, Defendant failed to respond to the motion for summary judgment, and the Court entered the Order on Motion of Sara J. Daneman for Summary Judgment on October 21, 2002. Defendant failed to file his notice of appeal and Motion within the appeal period. Because Defendant's Rule 60(b)(1) motion to vacate was filed outside of the appeal period, the Motion must be denied.

## C. *Conclusion*

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion for Relief from Judgment is DENIED.

**IT IS SO ORDERED.**